# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CHRISTOPHER M. WARNER, and PATRICIA ANN MURRAY, Individually and on behalf of their Marital Community, | ) ) ) ) | NO. 73118-1-I |
| Appellants, | ) ) | |
| v. | ) ) ) | DIVISION ONE |
| SWEDISH HEALTH SERVICES d/b/a/ SWEDISH MEDICAL CENTER/FIRST HILL and SWEDISH ORTHOPEDIC INSTITUTE, | ) ) ) ) ) ) | |
| Respondents, | ) ) | |
| and | ) ) | |
| PROLIANCE SURGEONS, INC., P.S., d/b/a ORTHOPEDIC PHYSICIAN ASSOCIATES; ALEXIS FALICOV, M.D., Ph.D.; and JUSTIN L. ESTERBERG, M.D., | ) ) ) ) ) | UNPUBLISHED OPINION |
| Defendants. | ) ) | FILED: February 1, 2016 |

LAU, J. — In this corporate negligence case, Christopher Warner sued Swedish Health Services claiming personal injuries related to its alleged failure to establish a neuromonitoring credentialing process and related policies and procedures governing remote neuromonitoring at the time of his spinal surgery. The trial court dismissed the corporate negligence claim on Swedish's summary judgment motion, reasoning that his medical experts failed to establish the applicable standard of care.

This court reviews summary judgment orders de novo, considering the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party—in this case Warner. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate only when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Keck, 184 Wn.2d at 370. An issue of material fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. Keck, 184 Wn.2d at 370.

At oral argument before this court, Swedish properly conceded that Warner's expert witness declarations and deposition testimony from Dr. Ney and Dr. Tarlov were sufficient to create a genuine issue of material fact.[1] We agree. Our review of the record shows Warner submitted sufficient expert witness evidence to overcome summary judgment. We reverse the trial court's order granting summary judgment of dismissal and remand for proceedings consistent with this opinion.

WE CONCUR:

---

[1] At oral argument, Swedish stated that Keck v. Collins, "eroded and in fact lowered the threshold such that Mr. Warner's expert declarations would probably pass muster on the summary judgment standard when viewed in the light most favorable to Mr. Warner." Wash. Court of Appeals oral argument, Warner v. Swedish Health Services, et al., No. 73118-1-I (Jan. 7, 2016), at 10 min., 1 sec. (on file with court).